IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANGELA SMILEY, *et al.*, ) | CASE NO.: 1:07 CV 2668 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| JOHN DOE, *et al.*, ) | |
| ) | |
| Defendants. ) | <u>MEMORANDUM OPINION</u> |
| ) | <u>AND ORDER</u> |
| ) | |

This matter is before the Court on Defendant, The City of Cleveland's ("Cleveland"), Motion to Dismiss.  (ECF #9).  After careful consideration of the briefs and a review of all relevant authority, Defendants' Motion to Dismiss is GRANTED.

Plaintiffs filed their Complaint against Cleveland and twelve John Doe Cleveland Police Officers on September, 4, 2007.  On December 26, 2007, the Complaint was amended to replace ten of the John Doe Officers with thirteen named Cleveland Police Officers.  Cleveland was served with a summons on May 9, 2008.  (ECF #7).  The docket reflects that service on the individual police officers has never been executed.  (ECF #8).   In response to Cleveland's Motion to Dismiss, filed May 21, 2008, Plaintiffs sought an extension of time to execute service

on all defendants.  (ECF #12).

Federal Rule of Civil Procedure 4(m) provides as follows.

If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Plaintiffs failed to serve the Complaint on any defendant within 120 days from the date it was filed;[1] therefore, the Court must dismiss the action unless Plaintiffs are able to show good cause for this failure.  The only explanation the Plaintiffs have given for the delay in service is set forth in the affidavit of Angela Smiley.  Ms. Smiley's affidavit states that she intentionally chose to delay service until after she moved out of her residence for fear of retaliation, that this move was accomplished the week of May 1, 2008, and that she instructed her attorney to serve the Amended Complaint at that time.  (ECF #12-2).

This explanation does not demonstrate good cause for the failure to timely serve the defendants.  If Ms. Smiley was truly concerned about the potential for retaliation, she had several means of addressing this concern.  She could have petitioned the Court for an extension of service time prior to the expiration of the 120 day period; she could have filed the Complaint as a John Doe Plaintiff; she could have sought a sealing order to prevent disclosure of her address under Local Rule 5.2; or she could simply have waited to file the Complaint until after her family had moved.  The explanation put forth by Ms. Smiley does not justify an intentional

---

[1] Plaintiffs argue that the 120 day period for service should re-start when the Amended Complaint was filed, although they cite no legal basis for this proposition.  Regardless, even if this court were to accept this argument, service was not executed on any defendant within 120 days from the filing of the Amended Complaint.

disregard for the requirements set forth in Fed. R. Civ. P. 4. Therefore, on motion of Defendant, the City of Cleveland, on the Court's own initiative with regard to the remaining unserved defendants, this action must be dismissed.

## **CONCLUSION**

For the reasons set forth above Defendant, City of Cleveland's Motion to Dismiss is GRANTED. (ECF #9). All claims against the City of Cleveland are dismissed without prejudice for failure to effect timely service. In addition, the Court hereby, sua sponte, dismisses all claims against the remaining defendants, without prejudice, for failure to effect timely service pursuant to Fed. R. Civ. P. 4(m). IT IS SO ORDERED.

      S/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 11, 2008